UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JOHNATHAN WHITE,

                    Plaintiff,

         -against-

CITY OF NEW YORK, RICARDO JOSEPH, Shield No. 5406, and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.
------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Johnathan White is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendants Detective Ricardo Joseph "Joseph", and John and Jane Doe 1 through 10 are police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein defendants were acting as agents, servants and employees of defendant City of New York and the NYPD. are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## **STATEMENT OF FACTS**

12. On September 26, 2014, at approximately 8:00 p.m., plaintiff was lawfully within 1070 East New York Avenue, Brooklyn, NY.

13. Plaintiff, who rents a room at that address, was in the bathroom naked, about to enter the shower.

14. Plaintiff's room had a lock on the door.

15. Without any warning, defendant officers, including Joseph burst into the residence, pointed a gun at plaintiff and ordered him to the ground.

16. The defendant officers began searching the apartment.

17. Plaintiff was placed in handcuffs and taken to a police vehicle.

18. Plaintiff was unaware of any contraband either in his room or anyplace else in the apartment.

19. One or more of the individual defendants met with an Assistant District Attorney and misrepresented that plaintiff was in possession of a controlled substance.

20. At no time was plaintiff in actual or constructive possession of anything illegal.

21. From the precinct plaintiff was transported to central booking.

22. After spending approximately twenty-four hours in central booking,

plaintiff was then arraigned in Kings County Criminal Court.

23. No bail was set on plaintiff.

24. After numerous appearances in criminal court and all charges against plaintiff were dismissed.

25. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983

26. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

27. Defendants, by their conduct toward Plaintiff alleged herein, violated Plaintiff' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

28. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Entry and Search

29. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered and search Plaintiff' home.

31. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### False Arrest

32. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

33. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

34. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### MALICIOUS ABUSE OF PROCESS

35. Plaintiff repeats and re-alleges each and every allegation set forth herein.

36. The individual defendants issued legal process to place the Plaintiff under arrest.

37. The individual defendants arrested the Plaintiff in order to obtain collateral objectives outside the legitimate end of legal process, to wit, to cover up their assault of plaintiff.

38. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Failure To Intervene

40. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

41. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

42. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

44. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

45. The individual defendants created false evidence against Plaintiff.

46. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

47. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CLAIM
**Monell Claim**

49. The plaintiff incorporates by reference the factual allegations set forth above as if fully set forth herein.

50. Prior to the date of the incident alleged herein, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in New York, which caused the violation of plaintiff's rights.

51. It was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of widespread,

systemic police misconduct, and such acts of misconduct have instead been allowed by the City of New York.

52. It was the policy and/or custom of the City of New York to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of New York did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

53. The effects of any in-service training and re-training of officers known to have engaged in police misconduct were wholly negated by the rampant culture of misconduct and impunity sanctioned by the command structure of the New York City Police Department and City of New York.

54. As a result of the above described policies and customs, police officers of the City of New York, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be allowed.

55. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights alleged herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   February 9, 2016
         New York, New York

                                                 /s/
                              Robert Marinelli
                              305 Broadway, 9th Floor
                              New York, New York 10007
                              (212) 822-1427
                              robmarinelli@gmail.com

*Attorney for plaintiff*